STATE of Missouri, ex rel., LEONARD TRUCKING COMPANY, INC., Respondent,

v.

DIVISION OF TRANSPORTATION, DEPARTMENT OF ECONOMIC DEVELOPMENT, Appellants.

No. WD 44752.

Missouri Court of Appeals, Western District.

Feb. 11, 1992.

David Eugene Woodside, Jefferson City, for appellants.

Stephen George Newman, Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Respondent Leonard Trucking Company held a Certificate of Public Convenience and Necessity from the Missouri Department of Transportation which authorized it to transport bulk commodities from one point to another within the State of Missouri over the public highways a distance no more than 150 miles.

Missouri Department of Transportation charged Leonard with exceeding its authority in transporting coal from a point "west of Nevada, Missouri" to Marshall, Missouri, over the public highways, a distance of 200 miles.

The Missouri Department of Transportation sustained the complaint after an evi-

dentiary hearing, and issued its Report and Order directing Leonard to cease and desist its unlawful operation. The Report and Order authorized the Missouri Department of Transportation to commence an action in circuit court to recover a penalty from Leonard for past violations and to seek an injunction to restrain future violations.

Leonard appealed to the circuit court which reversed the Department and ordered the dismissal of the amended complaint.

■ The Department has appealed to this court. Our review is of the Department Order, not of the Circuit Court judgment. *Evangelical Retirement Homes Inc. v. State Tax Comm'n,* 669 S.W.2d 548 (Mo. banc 1984). The scope of our review, and the standard of our review, are the same as that of the circuit court. Review is limited to determining whether the Department's decision is supported by competent and substantial evidence on the whole record. *See* § 621.193, RSMo 1986; *Carron v. Ste. Genevieve School Dist.,* 800 S.W.2d 64 (Mo.App.1990). The evidence must be reviewed in the light most favorable to the decision, together with all reasonable inferences which support it. *Shell Oil Co. v. Director of Revenue,* 732 S.W.2d 178 (Mo. banc 1987), *appeal dismissed,* 485 U.S. 983, 108 S.Ct. 1283, 99 L.Ed.2d 494 (1988).

Leonard says there are two essential points of the Department of Transportation's case which are not supported by the evidence—one, that the origination point of the hauls was within the State of Missouri, and, two, that the hauls were over the public highways.

Much of the debate between Leonard Trucking Company and the Department of Transportation is about the propriety of the administrative law judge's ordering and considering "additional information" (consisting of documents identified by affidavits) with respect to the actual location of the mines from which the coal was hauled. *See* 4 CSR 265–2.070(14). The order was made after the evidentiary hearing on October 24 and after the parties had, on December 7, orally argued the case.

We have concluded the Department's order is supported by competent and substantial evidence without the "additional information." It is therefore unnecessary for us to consider Leonard's attack upon the order calling for the additional information. We reverse the judgment of the circuit court and order the reinstatement of the Department's order.

■ The evidence that the mines were located in Missouri is not as direct and as clear as one could wish, but it is sufficient. The Department investigator, Mr. Lesko, talked with Mr. Leonard, president of Leonard Trucking Company, at the Leonard office in Higbee, Missouri. They had the map before them as they talked. The mines were located west of Nevada, Missouri, and west of Deerfield, Missouri. Lesko: "You go past Deerfield and it's kind of out in an open area.... If I recall, it was three to five miles west of Deerfield. He [Mr. Leonard] had to go to Deerfield, he said, to get to it." This testimony places the mines in Missouri. The Kansas–Missouri line lies more than six miles west of Deerfield. All the testimony referred to Missouri reference points, and any reference to obvious Kansas reference points, such as the Kansas line or the city of Ft. Scott, is conspicuously absent. The evidence is sufficient to sustain the administrative law judge's finding that the mines were located in Missouri.

■ At one point, Mr. Lesko testified: "While we were both looking at the map, he [Mr. Leonard] explained that they were located west of Nevada past the Deerfield, Missouri area, so it would have been approximately twenty miles west of Nevada." Twenty miles west of Nevada would place one at or west of Fort Scott, Kansas. Leonard seizes upon this, but it is clear Mr. Lesko did not know the distances between Nevada and Deerfield and the Kansas line. We take judicial notice that the distance between Nevada and Deerfield is eight miles. *Swillum v. Empire Gas Transport, Inc.,* 698 S.W.2d 921, 926 n. 2 (Mo. App.1985). The administrative law judge

could reject the witness' obvious erroneous estimate of distance.

The character of this evidence as "substantial" would give us pause if the location of the mines had emerged as an issue at any time. But there was no evidence of any sort that the mines were outside Missouri in Kansas, and no hint of any such issue until, contemporaneously with what Leonard's counsel took as the submission of the case, Leonard on December 7, 1989, filed its motion to dismiss the complaint which stated as a ground that there was no proof the mines were located in Missouri.

There was competent and substantial evidence also to support the administrative law judge's finding that the commodity hauls were over Missouri public highways. That fact need not be proved by direct evidence. The mines where the coal was loaded and the point of its destination were separated by 200 miles. Leonard weaves an unrealistic hypothesis of piggybacking by rail between the mines and the Marshall, Missouri, destination, without touching public highways. There has never been any contention that such a thing occurred. The piggyback hypothesis is fanciful.

Leonard, taking the date of oral argument on December 7 as the date of submission, argues that the Department erred in failing to issue its formal decision and order in the case within 90 days of the submission date. It cites CSR 265–2.140(2) which provides:

> The division's formal decisions and orders shall be in writing and shall be issued and filed within ninety (90) days after the case has been finally submitted.

█ Leonard cites us to no case which gives the effect of the Department's failure to issue its order within 90 days. Leonard does not argue that the Department lost jurisdiction to issue its order after 90 days, but says merely that it was "error" not to decide the case on or before March 7, 1990. If the Department was thereby in error, it was error without prejudice to Leonard and is no ground for reversal of the Department decision.

Judgment reversed, and Department of Transportation order reinstated.

All concur.